# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00309-FDW-DCK

| | |
|---|---|
| VERONICA GIBSON, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| NOELL TIN, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983 [Doc. 1] and on Plaintiff's Motion to Proceed in Forma Pauperis [Doc. 2].

## I.    BACKGROUND

Pro se Plaintiff Veronica Gibson ("Plaintiff") purports to file suit under 42 U.S.C. § 1983. Plaintiff resides in Charlotte, North Carolina. [Doc. 1 at 1]. She names two attorneys, Noell Tin and Matthew Pruden, as Defendants in this matter. Defendants are alleged to reside in Charlotte as well. [Id. at 1-2]. Plaintiff further alleges that Defendants are licensed attorneys, "approved to practice law through North Carolina Bar Assoc. in conjunction under Oath under relevant State laws N.C.G.S. § 84-1 (Oath Taken in Open Court)." [Id. at 2].

Plaintiff contends that she retained Defendants in October of 2012 to perform legal services for "her brother (Marty Gaston) concerning a criminal appeal of a 2nd Degree Murder." [Id. at 3]. Plaintiff alleges that Defendants breached a retainer agreement, which caused Plaintiff to suffer "financially and emotionally." [Id. at 2]. Plaintiff further contends that because "Defendants' authority to practice law in the State of North Carolina is enacted through the State Bar Association's Rule of Professional Conduct in conjunction with N.C.G.S. § 84-1 (Oaths Taken in

Open Court)," "Defendants' constitutional deprivations against Plaintiff under federal standards, meet the legal standards of acting under color of state law requirements per 28 U.S.C. §§ 1343(a)(3) and 1331, as well as 42 U.S.C. § 1983." [Id. at 5].

Plaintiff seeks $13,000 and costs from Defendants. [Id. at 7].

## II. MOTION TO PROCEED IN FORMA PAUPERIS

The Court first addresses Plaintiff's motion to proceed in forma pauperis. Plaintiff's affidavit shows that she has had a total monthly income of $1,600.00 for the past twelve months and expects to receive $0.00 in income next month. [Doc. 2 at 1-2]. It appears Plaintiff's report of $0.00 income next month may be in error as she also states, "I'm retired and live on a monthly check." [Id. at 4]. Plaintiff reports having a total of $470.00 in her bank accounts. [Id. at 5]. Plaintiff reports that she has total monthly expenses of $1,594.00 and that her two sons, both age 21, and her mother rely on her for support. [Id. at 2, 5]. The Court is satisfied that Plaintiff does not have sufficient funds to pay the filing fee. The Court will, therefore, allow the motion and permit Plaintiff to proceed in forma pauperis.

## III. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in

her Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

To state a claim under § 1983, a plaintiff must allege that she was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). The color of law requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Id. at 50 (internal quotations omitted). In rare cases, the state can "so dominate[ ] [private] activity as to convert it to state action." Philips v. Pitt County Mem'l Hosp., 572 F.3d 176, 181 (4th Cir. 2009). To satisfy the state action requirement, a plaintiff must demonstrate that the conduct at issue is "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Conduct is fairly attributable to the state where: (1) it is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible;" and (2) where the party charged with the deprivation is a person who may "fairly be said to be a state actor." Sullivan, 526 U.S. at 50. "Without state action, [plaintiff] has no § 1983 claim." Thomas v. Salvation Army Southern Territory, 841 F.3d 632, 637 (4th Cir. 2016) (affirming dismissal pursuant to § 1915(e)(2)(B)(ii) where plaintiff did not allege any facts that even remotely suggested that defendants' actions were attributable to the state).

## IV. DISCUSSION

Plaintiff's claim does not lie under 42 U.S.C. § 1983. Attorneys are not state actors merely because they take an oath relative to their practice of law pursuant to a State statute. Plaintiff is alleging, at most, a state law claim for breach of contract. She has, therefore, not asserted federal question jurisdiction under 28 U.S.C. § 1331, nor does federal subject matter jurisdiction exist

based on diversity jurisdiction under 28 U.S.C. § 1332, because the parties are all citizens of the same state and the amount in controversy is less than $75,000. As such, the Court finds that Plaintiff's Complaint fails to state a claim on which relief may be granted. The Court will, therefore, dismiss Plaintiff's Complaint without prejudice. The Court also notes that any State law claim Plaintiff might have likely would be barred by the statute of limitations.

**V. CONCLUSION**

In sum, the Court dismisses this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint [Doc. 1] is **DISMISSED** without prejudice.

2. Plaintiff's Motion to Proceed in Forma Pauperis [Doc. 2] is **GRANTED**.

**IT IS SO ORDERED**.

Signed: July 23, 2019

Frank D. Whitney
Chief United States District Judge